**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CHRISTOPHER JAYE BOYKIN,

      Petitioner,

vs.                                    Case No.:   3:19-cv-279-MMH-LLL
                                                                           3:17-cr-35-MMH-LLL

UNITED STATES OF AMERICA,

      Respondent.
_____/

**<u>ORDER</u>**

This case is before the Court on Christopher Jaye Boykin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion).[1] Boykin pled guilty to four counts of receiving child pornography, for which the Court sentenced him to concurrent terms of 95 months in prison. (Crim. Doc. 53, Judgment). He challenges his convictions and sentence based on three grounds of ineffective assistance of counsel and one claim of prosecutorial misconduct. The United States filed a response in opposition to the Motion. (Civ. Doc. 5, Response). Boykin filed a reply brief. (Civ. Doc. 9, Reply). Thus, the case is ripe for a decision.

---

[1]     "Civ. Doc. __" refers to entries on the civil § 2255 docket, No. 3:19-cv-279-MMH-LLL. "Crim. Doc. __" refers to entries on the criminal docket, No. 3:17-cr-35-MMH-LLL.

1

Pursuant to 28 U.S.C. § 2255 and Rule 8(a) of the Rules Governing Section 2255 Proceedings[2], the Court has considered the need for an evidentiary hearing and determines that a hearing is not necessary to resolve the merits of this action. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are affirmatively contradicted by the record or patently frivolous, or if in assuming the facts that he alleges are true, he still would not be entitled to any relief); Patel v. United States, 252 F. App'x 970, 975 (11th Cir. 2007).[3] For the reasons below, Boykin's § 2255 Motion is due to be denied.

## I.  Background

On March 2, 2017, a federal grand jury returned an Indictment charging Boykin with four counts of knowingly receiving child pornography over the internet. (Crim. Doc. 1, Indictment). On November 13, 2017, Boykin, aided by counsel, pled guilty to the four charges without a plea agreement. (See Crim. Doc. 57, Change of Plea Transcript; Crim. Doc. 38, Notice of Maximum Penalties, Elements, and Factual Basis ["Plea Notice"]). The Magistrate Judge

---

[2]   Rule 8(a) of the Rules Governing Section 2255 Proceedings expressly requires the Court to review the record, including any transcripts and submitted materials, to determine whether an evidentiary hearing is warranted before resolving a § 2255 motion.

[3]   Although the Court does not rely on unpublished opinions as precedent, they may be cited throughout this Order as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits the Court to cite to unpublished opinions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

who presided over the change-of-plea colloquy reported: "After cautioning and examining the Defendant under oath concerning each of the subjects mentioned in Rule 11, I determined that the guilty plea was knowledgeable and voluntary, and that the offenses charged are supported by an independent basis in fact concerning each of the essential elements of such offenses." (Crim. Doc. 39, Report and Recommendation Concerning Guilty Pleas). The Court accepted Boykin's pleas and adjudicated him guilty of the four offenses charged. (Crim. Doc. 41, Acceptance of Guilty Pleas).

The case proceeded to sentencing on July 7, 2018. According to the Presentence Investigation Report (PSR), Boykin's advisory guidelines sentencing range was 135 to 168 months in prison, based on a total offense level of 30 and a Criminal History Category of IV. (Crim. Doc. 44, PSR ¶ 87). Boykin's counsel had no factual objections to the PSR but objected to the criminal history calculation. (Crim. Doc. 46, Sentencing Memorandum at 1–2). Alternatively, Boykin's counsel requested a downward departure under U.S.S.G. § 4A1.3, arguing that a Criminal History Category of IV overrepresented the severity of Boykin's criminal record. (Crim. Doc. 58, Sentencing Transcript at 6–12). Boykin's counsel also urged the Court to vary downward under the 18 U.S.C. § 3553(a) factors. Sentencing Memorandum at 2–7. In support of a variance, Boykin's counsel argued that Boykin had been physically and sexually abused

as a child, that he turned to drugs to cope, and that, based on psychosexual evaluations, Boykin was unlikely to commit a contact offense against a child.

At sentencing, the Court overruled Boykin's objection to the criminal history calculation but granted his request for a downward departure under § 4A1.3, reducing his Criminal History Category to III and his guidelines range to 121–151 months. Sentencing Tr. at 9–12. The Court also granted Boykin's request for a downward variance, sentencing Boykin to concurrent terms of 95 months in prison as to each count. Id. at 89–91; see also Judgment.

Boykin did not file a notice of appeal following sentencing. (Crim. Doc. 55, Notice of Intent Not to File Appeal). The § 2255 proceedings followed.

**II.    Discussion**

Pursuant to Title 28, United States Code, Section 2255, a person in federal custody may move to vacate, set aside, or correct his sentence. Section 2255 permits collateral relief on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the imposed sentence exceeded the maximum authorized by law; and (4) the imposed sentence is otherwise subject to collateral attack. 28 U.S.C § 2255(a) (2008). Only jurisdictional claims, constitutional claims, and claims of error that are so fundamentally defective as to cause a complete miscarriage of justice will warrant relief through collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979);

4

Spencer v. United States, 773 F.3d 1132, 1138 (11th Cir. 2014) (en banc) ("[A] district court lacks the authority to review the alleged error unless the claimed error constitute[s] a fundamental defect which inherently results in a complete miscarriage of justice." (internal quotation marks omitted)). The Supreme Court has recognized that a petitioner's claim that he received ineffective assistance of counsel in violation of the Sixth Amendment is properly brought in a collateral proceeding under § 2255. Massaro v. United States, 538 U.S. 500, 504 (2003).

To establish ineffective assistance of counsel, a § 2255 petitioner must demonstrate both: (1) that his counsel's conduct amounted to constitutionally deficient performance, and (2) that counsel's deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Martin v. United States, 949 F.3d 662, 667 (11th Cir. 2020). In determining whether the petitioner has satisfied the first requirement, that counsel performed deficiently, the Court adheres to the standard of reasonably effective assistance. Weeks v. Jones, 26 F.3d 1030, 1036 (11th Cir. 1994) (citing Strickland, 466 U.S. at 688). The petitioner must show, in light of all the circumstances, that counsel's performance fell outside the "'wide range of professionally competent assistance.'" Scott v. United States, 890 F.3d 1239, 1258 (11th Cir. 2018) (quoting Payne v. Allen, 539 F.3d 1297, 1315 (11th Cir. 2008)). In other words, "[t]he standard for effective assistance of counsel is reasonableness, not

5

perfection." Brewster v. Hetzel, 913 F.3d 1042, 1056 (11th Cir. 2019) (citing Strickland, 466 U.S. at 687). To satisfy the second requirement, that counsel's deficient performance prejudiced the defense, the petitioner must show a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. Martin, 949 F.3d at 667 (citing Padilla v. Kentucky, 559 U.S. 356, 366 (2010)). In determining whether a petitioner has met the two prongs of deficient performance and prejudice, the Court considers the totality of the evidence. Strickland, 466 U.S. at 695. However, because both prongs are necessary, "there is no reason for a court… to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697; see also Wellington v. Moore, 314 F.3d 1256, 1261 n.1 (11th Cir. 2002) ("We need not discuss the performance deficiency component of [petitioner's] ineffective assistance claim because failure to satisfy the prejudice component is dispositive.").

A § 2255 movant "bears the burden to prove the claims in his § 2255 motion." Rivers v. United States, 777 F.3d 1306, 1316 (11th Cir. 2015); see also Beeman v. United States, 871 F.3d 1215, 1221–23 (11th Cir. 2017). If "'the evidence does not clearly explain what happened … the party with the burden loses.'" Beeman, 871 F.3d at 1225 (quoting Romine v. Head, 253 F.3d 1349, 1357 (11th Cir. 2001)). Moreover, a § 2255 movant is not entitled to a hearing, much less relief, "when his claims are merely conclusory allegations unsupported by

6

specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted).

### A. Grounds One and Two

Boykin challenges the validity of his guilty plea based on the ineffective assistance of counsel. In Ground One, Boykin alleges that counsel gave ineffective assistance by (1) failing to investigate "[t]he jurisdiction of the federal government" and (2) failing to investigate the elements of the offense, including the "jurisdictional" element. § 2255 Motion at 3. By "jurisdiction" and "jurisdictional element," the Court assumes Boykin is referring to a connection with interstate commerce (or lack thereof).[4] In Ground Two, Boykin alleges that his plea was involuntary because counsel failed to advise him of any defenses to the charges and that Boykin was given only the option to plead guilty. Id. at 4. Boykin also alleges that when he was considering the plea offer, he "was not told of enhancements the government always applied at sentencing." Id.

The record refutes these allegations. To succeed on a claim that a guilty plea was obtained as the result of ineffective assistance of counsel, a § 2255

---

[4] The interstate commerce element is often called "jurisdictional" in the sense that a connection to interstate commerce is necessary for Congress to have the power to legislate. United States v. Grimon, 923 F.3d 1302, 1305–06 (11th Cir. 2019). But the interstate commerce element has no bearing on a district court's subject matter jurisdiction. Id. at 1306.
    To the extent Boykin argues that the Court lacked subject matter jurisdiction, that allegation is meritless. The Indictment charged Boykin with four counts of knowingly receiving child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). By alleging violations of a valid federal criminal statute, the Indictment did all that was necessary to invoke the Court's subject matter jurisdiction. See 18 U.S.C. § 3231; Grimon, 923 F.3d at 1306.

7

movant must show that the advice he received from counsel "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 57, 59 (1985) (citations omitted). This is so because a petitioner has the burden of proving prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir. 2000). Notably,

> the representations of the defendant, his lawyer, and the prosecutor at [a guilty plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.

Blackledge v. Allison, 431 U.S. 63, 73–74 (1977). Indeed, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).

As to Ground One, Boykin's allegations that counsel failed to investigate the elements of the charges, including the jurisdictional element, are insufficient to support relief. While Boykin alleges that counsel failed to investigate the elements, he does not assert that any of the elements of the charges were, in fact, unestablished. See § 2255 Motion at 3. Nor does Boykin allege that, but for counsel's purported failure to investigate the elements, he would not have pled guilty. See id.

8

The record also refutes the allegations. Before the change-of-plea colloquy, Boykin's counsel received a copy of discovery (see Crim. Docs. 19, 27), including an audio recording of Boykin's interview with law enforcement officers in which he admitted downloading child pornography, see Response at 16. At the plea colloquy, the Court advised Boykin of the charges and their elements, which were also set forth in the Plea Notice (Crim. Doc. 38). Plea Tr. at 15–19. Boykin confirmed that he understood each of the elements. Id. As to each charge, Boykin affirmed that (1) he knowingly received a visual depiction, (2) he received each depiction by computer via the internet, (3) the production of the depictions involved the use of a prepubescent minor engaged in sexually explicit conduct, and (4) he knew that at least one of the performers in each image was a minor and that each image depicted the minor engaged in sexually explicit conduct. Id. at 22–24. The factual basis, which Boykin admitted was true and accurate, Plea Tr. at 22, 24, established that the depictions were, in fact, of a minor engaged in sexually explicit conduct, Plea Notice at 7–14. Thus, Boykin admitted each of the elements of the charged offenses, United States v. Rodriguez, 797 F. App'x 475, 479 (11th Cir. 2019) (setting forth the elements of receiving child pornography), including the satisfaction of the interstate commerce element because "[t]he internet is an instrumentality of interstate commerce," United States v. Hornaday, 392 F.3d 1306, 1311 (11th Cir. 2004).

Boykin also affirmed under oath that he was satisfied with counsel's representation, that he had no complaints about his lawyer, and that he had received adequate time to discuss his case with counsel. Plea Tr. at 27. Thus, the record refutes the allegations in Ground One and precludes any entitlement to relief.

As to Ground Two, the record similarly refutes the allegations. Boykin contends that his plea was involuntary because counsel failed to advise him of any defenses to the charges and that Boykin was given only the option to plead guilty. § 2255 Motion at 4. But during the plea colloquy, Boykin stated under oath that counsel had explained any defenses that were available to him, which Boykin acknowledged he waived by pleading guilty. Plea Tr. at 12, 13. Boykin also stated that he pled guilty because he was in fact guilty, that it was his own decision to plead guilty, and that nobody had forced or coerced him to plead guilty or offered any guarantees in exchange for doing so. Id. at 21, 24–25.

Boykin next contends that when he was considering the plea offer, he "was not told of enhancements the government always applied at sentencing." § 2255 Motion at 4. But during the plea colloquy, Boykin acknowledged that trial counsel had explained the federal sentencing guidelines to him. Plea Tr. at 13. Boykin's counsel also stated:

> Even though Mr. Boykin lives in Alabama and is restricted or has restricted Internet use, we have communicated via telephone many, many times, and I've mailed things to him, so I'm very confident that he's

10

> aware of the evidence, sentencing guidelines, the minimum mandatory penalties, and all of my recommendations to him based on the application of the law and the facts.

Id. at 29.

Nevertheless, even if counsel had not advised Boykin about likely guidelines enhancements, Boykin's sworn statements during the plea colloquy establish that it did not affect his decision to plead guilty. Boykin acknowledged he could be sentenced to as much as 80 years in prison, that the sentencing guidelines were not mandatory, and that his sentence could be more severe than anything he expected. Id. at 13–15, 19–20. Boykin pled guilty despite acknowledging these facts. Boykin also stated that he pled guilty without the promise of a light sentence. Id. at 24–25. Boykin's statements establish that his decision to plead guilty did not depend on any expectations about his sentence whatsoever, other than that his sentence would not exceed 80 years in prison. As such, counsel's purported failure to advise him of probable guidelines enhancements did not affect his guilty plea.

The record precludes Boykin from being entitled to any relief based on his allegations in Grounds One and Two.

**B. Ground Three**

In Ground Three, Boykin alleges that counsel gave ineffective assistance "by failing to investigate [the] United States Sentencing Guidelines or how any enhancements could be applied at sentencing." § 2255 Motion at 5. He also

11

contends that counsel "did not explain [the] standard or burden of proof," presumably referring to the government's burden of proof for establishing a sentencing guidelines enhancement. Id.

Boykin's allegations are too vague and conclusory to warrant an evidentiary hearing, let alone habeas relief. Tejada, 941 F.2d at 1559. He fails to explain which guidelines enhancements should not have applied and why not. Indeed, when Boykin pled guilty, he admitted facts sufficient to support each of the guidelines enhancements.[5]

The record also refutes Boykin's allegations. As trial counsel stated during the plea colloquy, Boykin was aware of the sentencing guidelines and "the application of the law and the facts." Plea Tr. at 29. At the sentencing hearing, Boykin stated that he had received a copy of the PSR and had an opportunity to review it with counsel. (Crim. Doc. 58, Sentencing Transcript at

---

[5] Boykin's total offense level was 30 based on the following: a base offense level of 22; a two-level reduction because the offense was limited to the receipt of illicit material with no intent to distribute the images; a two-level enhancement because the material involved a prepubescent minor; a four-level enhancement because the offense involved material that portrayed sadistic or masochistic conduct; a two-level enhancement because the offense involved the use of a computer to receive child pornography; a five-level enhancement because the offense involved 600 or more images (3,750 images to be exact, based on Boykin possessing 50 videos, each video equaling 75 images under § 2G2.2, cmt. 6(B)(ii)); and a three-level reduction for acceptance of responsibility. PSR ¶¶ 27–40.

By admitting the truth of the factual basis of his guilty plea, Boykin admitted that he used a computer to download 35 videos (or 2,625 images) of child pornography, including videos that depicted the vaginal penetration of prepubescent minors by adult men. Plea Notice at 7–14. The admitted facts alone were sufficient to support the base offense level and each enhancement. See, e.g., United States v. Hall, 312 F.3d 1250, 1260–63 (11th Cir. 2002) (holding that images that depict the vaginal or anal penetration of a prepubescent child by an adult male necessarily depict sadistic and masochistic conduct).

12

4). Boykin's sentencing memorandum (Crim. Doc. 46) and objections to the PSR's criminal history score (Crim. Doc. 44 at 27–29) show that, contrary to Boykin's allegations, counsel investigated and scrutinized the guidelines calculation.

Boykin also asserts that counsel failed to present mitigating evidence. § 2255 Motion at 5. The sentencing record refutes this claim as well. Before sentencing, Boykin's counsel submitted a psychosexual polygraph report that revealed Boykin denied having had sexual contact with a minor and showed no evidence of deception. (Crim. Doc. 46-3, Polygraph Report). In the sentencing memorandum, counsel argued that Boykin had been physically and sexually abused as a child and turned to drugs to cope. Sentencing Memorandum at 4. At sentencing, counsel also presented the testimony of Mary Collins, a licensed clinical counselor, who had performed a forensic mental health evaluation on Boykin and saw him for monthly counseling sessions between 2017 and September 2018. See Sentencing Memorandum at 3–5; Crim. Doc. 46-4 (Mental Health Evaluation); Sentencing Tr. at 28–70. Ms. Collins opined that Boykin presented a low risk of committing a future offense and a low risk of committing a contact offense with a child. Sentencing Tr. at 40–48.

The record establishes that counsel effectively represented Boykin at sentencing. Counsel successfully argued that a Criminal History Category of IV overrepresented the severity of Boykin's criminal background and persuaded

the Court to depart downward to a Criminal History Category of III under U.S.S.G. § 4A1.3. Sentencing Tr. at 6–12. The downward departure reduced Boykin's sentencing guidelines range from 135–168 months to 121–151 months. Id. at 12. Counsel also succeeded in persuading the Court to vary below the guidelines range based on the § 3553(a) factors. The Court sentenced Boykin to concurrent terms of 95 months in prison for each count, id. at 89, more than two years below the low end of the guidelines range. Boykin fails to establish a reasonable probability that, had counsel conducted any further investigation of the sentencing guidelines or mitigating evidence, his sentence would have been lower. Relief on Ground Three is therefore due to be denied.

### C. Ground Four

Finally, Boykin alleges that "[t]he government and U.S. Probation arbitrarily apply enhancements to child pornography cases with no individualized treatment or consideration." § 2255 Motion at 6. He contends that "[t]hey go into these type of cases knowing what the outcome will be and all the while use deceipt [sic] and trickery to get citizens to plead guilty." Id. Boykin labels the claim "prosecutorial misconduct."

Boykin's vague and conclusory allegation merits neither relief nor an evidentiary hearing. Tejada, 941 F.2d at 1559. The record also refutes any claim that sentencing enhancements were arbitrarily applied because Boykin admitted the facts that supported each of the guidelines enhancements. Ante at

14

12 n.5. Further, Boykin misapprehends the government's role in determining the guidelines range. The "government," that is, the prosecution, does not decide how the sentencing guidelines apply. Instead, the Court, in its role as an impartial decisionmaker, decides the applicable guidelines range with the aid of a PSR prepared by the Probation Office (which is an arm of the Court, not the prosecution). Yet, the Court is not bound by the PSR or the sentencing guidelines range. Thus, Boykin's claim that the "government" engaged in prosecutorial misconduct by arbitrarily applying sentencing enhancements is misguided. To the extent Boykin claims that the government tricked or deceived him into pleading guilty, Boykin's sworn statements during the change-of-plea colloquy refute that claim. See generally Plea Transcript.

Moreover, this claim is procedurally defaulted. "Courts have long and consistently affirmed that a collateral challenge, such as a § 2255 motion, may not be a surrogate for a direct appeal." Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004) (citation omitted). "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal," including constitutional claims, "or else the defendant is barred from presenting that claim in a § 2255 proceeding." Id. at 1234 (citations omitted). "A defendant can avoid a procedural bar only by establishing one of two exceptions to the procedural default rule." Id. The first is the cause-and-prejudice exception, under which "a § 2255 movant can avoid

15

application of the procedural default bar by 'show[ing] cause for not raising the claim of error on direct appeal <u>and</u> actual prejudice from the alleged error.'" <u>McKay v. United States</u>, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting <u>Lynn</u>, 365 F.3d at 1234). The second exception is actual innocence, under which "a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." <u>McKay</u>, 657 F.3d at 1196. "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." <u>Id.</u> (quoting <u>Schlup v. Delo</u>, 513 U.S. 298, 327 (1995)).

Boykin could have challenged the application of the sentencing guidelines on direct appeal, but he failed to do so because he declined to file an appeal. (Crim. Doc. 55, Notice of Intent Not to File Notice of Appeal). In this action, Boykin fails to allege facts sufficient to satisfy the cause-and-prejudice or actual innocence exceptions to the procedural default rule. As a result, Boykin is not entitled to relief on Ground Four.

### D. Reply

In his reply brief, Boykin raises three other claims: (1) that counsel failed to advise him of an offer to plead guilty only to Count Four of the Indictment (for which he provides no supporting evidence); (2) that Counts One, Two, and

Three of the Indictment were multiplicitous because the charges derived from the same course of conduct or the same computer device; and (3) the Court erred by considering the sentencing guidelines to be mandatory. See Reply.

These claims are not properly before the Court. Claims, such as these, that are raised for the first time in a reply brief and without first seeking leave to amend are procedurally improper. See Oliveiri v. United States, 717 F. App'x 966, 967 (11th Cir. 2018) (concluding that the district court did not err by failing to address a claim the petitioner raised for the first time in his reply to the government's response); Snyder v. United States, 263 F. App'x 778, 779–80 & n.2 (11th Cir. 2008) (same). Boykin neither sought nor obtained leave of the Court to add these new claims. Thus, they are not properly before the Court.

Even if Boykin had sought leave to amend the § 2255 motion to add these claims, they would be untimely. Boykin's conviction and sentence became final on March 23, 2018 – 14 days after the entry of judgment, when the time to file a notice of appeal expired. See Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). Under 28 U.S.C. § 2255(f)(1), Boykin had one year from that date, or until March 23, 2019, to raise any claims challenging his conviction and sentence.[6] Boykin did not file the reply brief until August 16, 2019, after the statute of limitations expired. And the claims raised in the Reply brief do not

---

[6] There is no indication that §§ 2255(f)(2)-(4) apply to any of the new claims in the reply brief.

17

relate back to the claims raised in the original § 2255 Motion. See Fed. R. Civ. P. 15(c); Mayle v. Felix, 545 U.S. 644, 657–64 (2005). Thus, Boykin could not have amended his § 2255 Motion to add these claims even had he so moved.

### III. Certificate of Appealability

The undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Boykin "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335–36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct

in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

As such, and in accordance with the Rules Governing Section 2255 Cases in the United States District Courts, it is hereby **ORDERED:**

1. Petitioner Christopher Jaye Boykin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DENIED**.

2. The Clerk is directed to enter judgment in favor of the United States and against Boykin, and close the file.

3. If Boykin appeals the denial of the petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida this 3rd day of January, 2022.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner

19